IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID KEIFER, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>SLT LENDING, SPV, INC. d/b/a SUR LA TABLE,<br><br>　　Defendant. | CIVIL ACTION NO. 2:23-cv-00394 |

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT
AND BRIEF IN SUPPORT**

Defendant SLT Lending SPV, Inc. d/b/a Sur La Table ("SLT") moves to dismiss Plaintiff David Keifer's ("Plaintiff") Class Action Complaint (ECF No. 1-1, "CAC" or "Complaint") for lack of standing to sue under Federal Rule of Civil Procedure 12(b)(1). As a settlement class member of a judicially-approved, binding class settlement in a related case, Plaintiff released claims arising out of cyber incident against SLT, and thus, is barred under principles of res judicata from litigating the same claims in the above-captioned case.

**I. PERTINENT BACKGROUND AND PROCEDURAL HISTORY**

***The Cyber Incident.*** SLT suffered a data security incident in which cybercriminals gained access to SLT's servers and accessed certain data (the

"Incident"). Through its investigation, SLT confirmed that some files accessed during the Incident may have included personal information (i.e., names, driver's license numbers or state identification numbers, and/or medical or health information) of current and former employees. SLT notified all individuals whose information may have been impacted by the Incident. Class litigation followed notice of the Incident, including the above-captioned case. These cases were ultimately consolidated or coordinated in this Court. *See* ECF 2; *Baker v. SLT Lending SPV, Inc.*, No. 2:23-cv-00190-GSL-AZ (the "*Baker* Action"), ECF 17.

**The Class Settlement.** On August 27, 2025, this Court granted final approval of a class action settlement in the related *Baker* Action. *Baker*, No. 2:23-cv-00190, at ECF 66. Final judgment with prejudice was also entered on August 27. *See id.* at ECF 67.

> For purpose of class settlement, the Court certified the following class:
>
> Class: All individuals to whom Defendant sent notice of the Data Incident on or around May 24, 2023 (the "Class").
>
> California subclass: All California residents to whom Defendant sent notice of the Data Incident on or around May 24, 2023.

*Id.* at ECF 66, ¶ 13. Excluded from the settlement class, in pertinent part, were "(i) all Persons who timely and validly request exclusion from the Class." *Id.* The Court found that no settlement class member objected to the class settlement and only one person timely filed a request for exclusion from the settlement class. *Id.* at ¶¶ 15-16.

That person, whose name is listed in the class settlement administrator's declaration, filed in support of final approval of the class settlement, is not Plaintiff. *See id.* at ECF 64, Ex. C.

Moreover, the Court found the class settlement to be "fair, reasonable, and adequate," the product of negotiations done with "good faith, at arms' length, and without collusion," and that "Notice to Class Members complied with Fed. R. Civ. P. 23 and due process" reaching "99.78% of the Settlement Class [which] indicates that the Notice program was successful and consistent with Fed. R. Civ. P. 23 and due process." *Id.* at ECF 66, ¶¶ 2, 11.

Finally, the Court entered final judgment and dismissed the *Baker* Action and all class claims with prejudice, finding expressly:

> Settlement Class Members who did not timely opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have res judicata, collateral estoppel, and all other preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

*Id.* at ¶ 15.

**The Present Action.** SLT removed this case from California state court and subsequently obtained its transfer to this Court. *See* ECF 1. Like the *Baker* Action, this putative class action arises out of the same Incident. *Id.* at ¶ 2. Similar to the *Baker* Action, the Complaint here alleges that Plaintiff brings this suit against Defendant "for failing to secure and safeguard the personally identifiable

3

information ('PII') that Defendant collected and maintained and for failing to provide timely and adequate notice to Plaintiff and other Class members that their information had been stolen." *Id.* at ¶ 4. Plaintiff also seeks to certify substantially the same class already certified (for settlement purposes) by this Court in the *Baker* Action: "[a]ll California residents whose PII was subjected to the Data Breach." *Id.* at ¶ 5. Plaintiff asserts claims purportedly rising out of this Incident for violation of the California Unfair Competition Law, violation of the California Consumer Privacy Act, negligence, and breach of contract. *Id.* at ¶ 7.

**Recent Procedural History.** With the *Baker* Action proceeding, Plaintiff agreed to stay his case, which the Court entered on April 5, 2024. ECF 38. With the proposed class settlement in the *Baker* Action before the Court, the stay of this case was continued by agreement of the parties, which the Court approved on March 12, 2025. ECF 42. On September 9, 2025, the parties notified the Court that the class settlement in the *Baker* Action had been finally approved and, based on information provided by the settlement administrator, Plaintiff did not opt out of the settlement class and had been unresponsive to his counsel's efforts to reach him. ECF 43. Thereafter, at the status conference on September 16, 2025, the Court requested that SLT file an appropriate motion to address the pending action. ECF 44.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must dismiss a case if they

determine, at any time, that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is absent where a plaintiff lacks Article III standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). To have standing to sue, Plaintiffs must demonstrate that they have each "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted); *accord Alonso v. Blue Sky Resorts, LLC*, 179 F. Supp. 3d 857, 861-62 (S.D. Ind. 2016). And "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)) (emphasis added). A "concrete" injury is "real," not "abstract"—"it must actually exist"—and a "particularized" injury "affect[s] the plaintiff in a personal and individual way." *Id*. (citations omitted).

The Seventh Circuit has recognized that "Rule 12(b)(1) is the means by which a defendant raises a defense that the court lacks subject-matter jurisdiction. This defense can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020) (citations omitted). At issue here is a factual attack on Plaintiff's standing. A factual attack challenges the facts underlying the plaintiff's standing to sue. *Id.* As such, "a plaintiff

5

undergoing only a facial attack enjoys treatment of her allegations as true, but that benefit does not carry into the context of a factual challenge." *Id.* (citations omitted). Accordingly, in this latter context, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action. *Id.* (citations omitted).

### IV. ARGUMENT

Plaintiff lacks standing to sue for, and this Court lacks subject matter jurisdiction to hear, claims arising out of the Incident based on res judicata.

First, based on the definition of the settlement class in the *Baker* Action—i.e., "All individuals [including all California residents] to whom Defendant sent notice of the Data Incident on or around May 24, 2023"—Plaintiff is a settlement class member. *See supra* p.2; ECF 1-1 at ¶¶ 2, 11 (pleading receipt of Incident notice "[o]n or around May 24, 2023"). Moreover, Plaintiff did not opt out of the settlement class. *See supra* p. 3. Thus, Plaintiff is bound by the class settlement of the *Baker* Action.

Second, the Seventh Circuit has held that "members of the [settlement] class and are bound by the terms of the settlement because notice to the class was reasonable." *Fontana v. Elrod*, 826 F.2d 729, 731 (7th Cir. 1987). In fact, "an absent class member will be bound by any judgment that is entered if appropriate notice is given, even though that individual never actually received notice." *Id.* (quotation omitted). Here, the Court entered final approval of the class settlement, finding that

6

class settlement notice complied with due process and further finding that the class settlement was fair, reasonable, and adequate. *See supra* p. 3. Plaintiff did not previously and cannot now challenge the Court's final approval of the class settlement in the *Baker* Action. In particular, Plaintiff cannot argue that he never received notice of the class settlement, which would not be credible anyhow given his agreements to stay his case pending approval of the class settlement.

Third, the Court entered final judgment, dismissing the class claims in the *Baker* Action with prejudice—including Plaintiff's claims—and holding that all settlement class members "who did not timely opt-out of the Settlement are bound by this Final Approval Order." *See supra* p. 3. Further, the Court held that "[t]he Settlement Agreement and its terms shall have res judicata, collateral estoppel, and all other preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto." *Id.*

Similarly, in *Gibbs v. Abt Elecs., Inc.*, No. 21-CV-06277, 2025 WL 2418458, at *1 (N.D. Ill. Aug. 21, 2025), the plaintiff challenged whether he was subject to the releases in a class settlement of a prior BIPA class action against the defendant. The defendant raised res judicata as a bar to the plaintiff's case. This Court recognized the dispositive questions "are thus whether [the plaintiff] was a member of the [prior] settlement class and, if so, if there is any reason why he is not bound by that settlement." *Id.* at *1-2. The Court found that the plaintiff fell within the class

7

definition and never sought to exclude himself from the class. *Id.* at *2. The Court further found that whether the plaintiff received notice of the class settlement was irrelevant. *Id.* ("Class notice must be 'adequate,' but that does not require that every single member of a putative class receive the notice in order to be bound by it.") (citations omitted). The Court concluded the plaintiff "does not dispute that he was a member of the [settlement] class, and because class notice in [prior case] was adequate, [plaintiff] is bound by the [class] settlement agreement." *Id.*

For the same reasons, Plaintiff's claims are subject to the releases in the class settlement in the *Baker* Action. Thus, he lacks standing to assert them in this action. *See Fontana*, 826 F.2d at 732 ("[T]he principle of res judicata bars the appellants from filing their class action suit . . . .").

### III. CONCLUSION

SLT respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice for lack of Article III standing.

Dated: October 20, 2025.

            Respectfully submitted by:

             */s/ Christopher A. Wiech*
            Christopher A. Wiech
            Georgia Bar No. 757333
            (*Admitted Pro Hac Vice*)
            Chelsea M. Lamb
            Georgia Bar No. 524879
            (*Admitted Pro Hac Vice*)

**BAKER & HOSTETLER LLP**
1170 Peachtree Street, Suite 2400
Atlanta, GA 30309-7676
Telephone: (404) 256-6694
Facsimile: (404) 459-5734
cwiech@bakerlaw.com
clamb@bakerlaw.com

Bonnie Keane Del Gobbo
Illinois Bar No. 6309394
(*Admitted in the Southern District of Indiana*)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, IL 60606-2841
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
bdelgobbo@bakerlaw.com

*Counsel for Defendant SLT Lending, Inc. d/b/a Sur La Table*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Christopher A. Wiech*
Christopher A. Wiech
