UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DAVID KEIFER, individually and on behalf of all others similarly situated,

    Plaintiff,

    v.

SLT LENDING, SPV, INC. d/b/a SUR LA TABLE,

    Defendant.

Case No. 2:23-CV-394-GSL-AZ

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Class Action Complaint [DE 45] filed by Defendant, SLT Lending, SPV, Inc. d/b/a Sur La Table, on October 20, 2025. Plaintiff has not filed a response to the instant Motion and the time to do so has now passed. For the reasons set forth below, Defendant's Motion is **GRANTED**.

Plaintiff initiated this class action lawsuit on June 9, 2023, in the Superior Court of California, County of Contra Costa. [DE 1-1]. Defendant then removed the case to federal court in the Northern District of California on June 18, 2023. [DE 1]. Finally, by agreement of the parties and due to the lack of personal jurisdiction over Defendant, the case was transferred to this Court on November 18, 2023. *See* [DE 16-18].

In the instant Motion, Defendant argues that "[a]s a settlement class member of a judicially-approved, binding class settlement in a related case, Plaintiff released claims arising out of the cyber incident against [Defendant], and thus is barred under principles of res judicata from litigating the same claims in the above captioned case." [DE 45 at 1].

The referenced "Cyber Incident" involves a data security breach where cyber criminals gained access to Defendant's servers and obtained files that stored personal information of current and former employees. [*Id*. at 2]. As a result, class litigation ensued and those cases were consolidated in this Court under cause no. 2:23-cv-190-GSL-AZ; *Baker v. SLT Lending SPV, Inc*. ("*Baker* Action"). [*Id*.]. In the *Baker* Action, this Court granted final approval of a class action settlement on August 27, 2025. *See Baker*, No. 2:23-cv-190 at DE 66. Final judgment dismissing the matter with prejudice was also entered on the same date. *Id*. at DE 67.

While the *Baker* Action was proceeding, as just described, the parties agreed to stay this case. [DE 38, 42]. On September 9, 2025, the parties notified the Court that the settlement in the related *Baker* Action was approved, and Plaintiff did not opt out of the settlement class. [DE 43]. The parties also informed the Court that Plaintiff has been unresponsive to his counsel's multiple attempts at reaching him. [*Id*.]. During the September 16, 2025 Status Conference, Magistrate Judge Zanzi instructed Defendant to file an appropriate motion addressing the state of this pending case, which resulted in Defendant filing the instant Motion. [DE 44].

In Defendant's Motion to Dismiss, it argues, and this Court agrees, that Plaintiff's claims are barred due to his involvement in, and his failure to opt out of, the *Baker* Action, described above. Accordingly, the Court finds that pursuant to Fed. Rule Civ. Pro. 12(b)(1), Plaintiff, a settlement class member in the *Baker* Action, lacks Article III standing to maintain this current action. *See generally Fontana v. Elrod*, 826 F.2d 729 (7th Cir. 1987). Therefore, Defendant's Motion [DE 45] is **GRANTED** and this matter is **DISMISSED with prejudice**.

SO ORDERED.

ENTERED: November 17, 2025

                                                  /s/ GRETCHEN S. LUND
                                                  Judge
                                                  United States District Court